BASKIN, Judge
(concurring in part and dissenting in part).
I concur in the opinion insofar as it pertains to the question of restitution. I respectfully dissent, however, from the determination that the offense for which defendant was adjudicated delinquent was proved to be robbery.
In my view, the principle reiterated in McCloud v. State, 335 So.2d 257 (Fla.1976), applies: “Where no force is exerted upon the victim’s person, as in the case of a pickpocket, only a larceny is committed.” In the case at bar, defendant neither exerted force before or during the taking, nor induced the victim to fear for her physical safety. Montsdoca v. State, 84 Fla. 82, 93 So. 157, 159 (1922). The victim did not become frightened until after the taking, according to her response on cross-examination:
Q: The first time that you realized anything was happening was after they took your purse?
A: Right, I was in shock. And then I screamed.
“Picking a pocket or purse snatching is not robbery if no more force or violence is used than is necessary to physically remove the property from a person who does not resist. But if the victim resists in any degree and this resistance is overcome by the physical force of the offender, the crime of robbery is complete.” Fla.Std. Jury Instr. (Crim.) (Robbery) 2.07.
For these reasons, I would reduce the adjudication of delinquency for robbery to an adjudication of delinquency for petit larceny.